UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Marlene M.

        Petitioner,

Case No. 18-cv-258 (TNL)

v.

**ORDER**

Andrew Saul,
Commissioner of Social Security,[1]

        Defendant.

Jacob P. Reitan, Reitan Law Office, Grandview Office Park, 1454 White Oak Drive, Chaska, MN 55318 (for Plaintiff); and

Michael A. Moss, Special Assistant United States Attorney, Social Security Administration, 1301 Young Street, Suite A702, Dallas, TX 75202 (for Defendant).

This matter comes before the Court on Plaintiff Marlene M.'s Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (ECF No. 26).

# I. BACKGROUND

On March 27, 2019, this Court issued an Order on the parties' cross motions for summary judgment. *See generally Marlene M. v. Berryhill*, No. 18-cv-258 (TNL), 2019 WL 1383894 (D. Minn. Mar. 27, 2019). Plaintiff's motion was granted in part and denied in part; the Commissioner's motion was denied; and the matter was remanded to the

---

[1] Andrew Saul was sworn in as Commissioner of Social Security on June 17, 2019. *Andrew Saul*, Soc. Sec. Admin., https://www.ssa.gov/agency/commissioner html (last visited Nov. 21, 2019). The Court has substituted Commissioner Saul for Nancy A. Berryhill. A public officer's "successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name." Fed. R. Civ. P. 25(d).

Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. *Id.* at *9. On March 29, 2019, the Clerk of Court entered judgment. (ECF No. 20.)

Plaintiff first filed the instant motion and supporting documents on June 25. (ECF Nos. 22-25.) The motion was erroneously filed *ex parte*. Counsel was notified of the error the following day and the Clerk of Court marked the documents as filed in error. On July 1, Plaintiff refiled her motion. (ECF No. 26-29.)

The Commissioner responded to Plaintiff's motion on July 17, arguing that the motion was untimely and the requested hourly rate was unsupported. (*See generally* ECF No. 30.) On July 22, Plaintiff filed a supplemental affidavit in support of her motion. (*See generally* Aff. of Sarah Strand, ECF No. 31.) Addressing the issue of timeliness, Plaintiff stated that the motion had been initially filed on June 25 and then was "immediately refiled" after "noticing that [the prior] filing was rejected." (Strand Aff. ¶ 4.) Plaintiff also enclosed an exhibit in support of the requested hourly rate that had been inadvertently omitted. (Strand Aff. ¶ 3.)

## II. ANALYSIS

### A. Timeliness of the Motion

Under the Equal Access to Justice Act ("EAJA"), "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the Court an application for fees and other expenses." 28 U.S.C. § 2412(d)(1)(B). A judgment is "final" when it is "not appealable." *Id.* § 2412(d)(2)(G). When the federal government is a party to a civil case, as is the case here, the appeal period lapses after 60

days. Fed. R. App. P. 4(a)(1)(B). Therefore, a party seeking EAJA fees must apply within 90 days from the entry of judgment. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

Here, judgment was entered on March 29. (ECF No. 20.) The 60-day appeal period ended on May 28. *See* Fed. R. App. P. 4(a)(1)(B). Accordingly, Plaintiff had until June 27 to apply for EAJA fees. *See* 28 U.S.C. § 2412(d)(1)(B); *Shalala*, 509 U.S. at 302-03.

Plaintiff erroneously filed her motion *ex parte* on June 25, two days before the deadline.[2] Rather than refiling her motion "immediately" as stated in the supplemental affidavit, however, Plaintiff waited six days to refile. By the time Plaintiff refiled her motion correctly on July 1, the EAJA deadline had lapsed. Accordingly, the issue is whether Plaintiff's untimely motion can be considered by the Court.

### B. Equitable Tolling

"The EAJA renders the United States liable for attorneys' fees for which it would not otherwise be liable, and thus amounts to a partial waiver of sovereign immunity." *Ardestani v. Immigration & Naturalization Serv.*, 502 U.S. 129, 137 (1991); *accord Friends of Boundary Waters Wilderness v. Thomas*, 53 F.3d 881, 887 (8th Cir. 1995). As such, it "must be strictly construed in favor of the United States." *Ardestani*, 502 U.S. at 137; *accord Thomas*, 53 F.3d at 887. Yet, once sovereign immunity has been waived, limitations principles apply to the United States as they do to all other litigants. *Scarborough*, 541 U.S. at 421; *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95-96 (1990). Thus, the doctrine of equitable tolling may be available to Plaintiff. *See Irwin*, 498

---

[2] When a litigant files a document *ex parte*, the opposing party receives no notice of the filing. *Cf. Scarborough v. Principi*, 541 U.S. 401, 409-10, 414-23 (2004) (allowing relation back of amendment to EAJA fee application when initial application was timely).

3

U.S. at 95 ("[M]aking the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver."); *see, e.g.*, *Townsend v. Comm'r of Soc. Sec.*, 415 F.3d 578, 582-83 (6th Cir. 2005); *Doelling v. Colvin*, No. 4:14-cv-04021, 2015 WL 1280106, at *2 (W.D. Ark. Mar. 20, 2015); *Froelich v. Astrue*, 561 F. Supp. 2d 1044, 1046 (D. Minn. 2008).

To qualify for equitable tolling, a litigant must demonstrate both diligence in pursuit of his or her rights and an extraordinary circumstance that stood in the way. *Thompson v. Comm'r of Soc. Sec. Admin.*, 919 F.3d 1033, 1036 (8th Cir. 2019), *petition for cert. filed*, (U.S. Sept. 19, 2019) (No. 19-376); *accord Kampschroer v. Anoka Cty.*, 935 F.3d 645, 649 (8th Cir. 2019). "[A] garden variety claim of excusable neglect," however, does not warrant equitable tolling. *Irwin*, 498 U.S. at 96; *accord Thompson*, 919 F.3d at 1037.

In this case, the second prong of the inquiry is dispositive. Plaintiff must have faced extraordinary circumstances that were beyond her control. *Thompson*, 919 F.3d at 1037; *see also Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 756 (2016) [hereinafter *Menominee*] ("[T]he extraordinary-circumstances prong, by contrast, is meant to cover matters outside [the litigant's] control."). There must have been "an external obstacle [that] prevented timely filing." *Thompson*, 919 F.3d at 1037 (quotation omitted). Courts have declined to apply equitable tolling when the late filing was the result of a calendaring error, miscalculation of a filing deadline, or excessive workload. *See, e.g.*, *Criss v. Berryhill*, No. 16 C 2348, 2017 WL 3430578, at *3 (N.D. Ill. Aug. 9, 2017) (attorney's "docketing error"); *Sorrell v. Colvin*, No. 13-cv-04874-SI, 2015 WL 4942154,

at *3 (N.D. Cal. Aug. 18, 2018) (miscalculation of filing deadline); *Bernal v. Colvin*, No. 1:14-cv-00733-SKO, 2015 WL 4873024, *1 (E.D. Cal. Aug. 12, 2015) (computer calendaring error); *Charles v. Colvin*, No. 13-CV-03432 (FB), 2015 WL 403239, at *1 (E.D. N.Y. Jan. 29, 2015) ("press of [attorney's] business and procedural oversight" (quotation omitted)); *see also McGuffin v. Colvin*, No. 5:16-CV-467, 2017 WL 52579, at *5 (E.D. N.C. Jan. 3, 2017) ("Preventable issues with the electronic-filing system during the final hours of a filing period do not constitute extraordinary circumstances that warrant equitable tolling."). *But see Froelich*, 561 F. Supp. 2d. at 1046 ("[W]here the fee application was filed one day late and where the law has not clearly dictated the applicability of Fed. R. Civ. P. 6(d), and there is no evidence of prejudice to the defendant, the Court will toll the applicable limitations period and hold Plaintiff's application to be timely.").

Despite the assertion in the supplemental affidavit that Plaintiff's motion was immediately refiled upon notification of the error, the motion was in fact refiled several days later. On the one hand, this Court is loathed to elevate form over substance, particularly considering the relatively modest amount of attorney fees requested. Yet, on the other, Plaintiff has put forth *no* explanation as to the cause of the delay. Nor has Plaintiff identified any barrier that prevented her from refiling the motion correctly on time. Without more, the Court sees no basis to construe even broadly the existence of extraordinary circumstances.

The Eighth Circuit Court of Appeals has stated that equitable tolling "should be invoked only in exceptional circumstances truly beyond the plaintiff's control." *Jenkins v.*

*Mabus*, 646 F.3d 1023, 1029 (8th Cir. 2011); *accord Coons v. Mineta*, 410 F.3d 1036, 1040 (8th Cir. 2005). Indeed, the two-prong test "would make little sense if equitable tolling were available when a litigant was responsible for [his or her] *own* delay." *Menominee*, 136 S. Ct. at 756; *accord Thompson*, 919 F.3d at 1037. At most, Plaintiff has made out a case of excusable neglect. Unfortunately, this is not enough. *See, e.g.*, *Menominee*, 136 S. Ct. at 757; *Irwin*, 498 U.S. at 96; *Thompson*, 919 F.3d at 1037.

Because Plaintiff has not demonstrated the presence of extraordinary circumstances, the doctrine of equitable tolling cannot save her untimely motion. *See, e.g.*, *Watson v. Comm'r of Soc. Security*, No. 2:16-cv-14355, 2018 WL 8493339, at *2-3 (E.D. Mich. Aug. 24, 2018), *adopting report and recommendation*, 2019 WL 2369286 (E.D. Mich. June 5, 2019); *Criss*, 2017 WL 3430578, at *3; *Sorrell*, 2015 WL 4942154, at *3; *Bernal*, 2015 WL 4873024, *1; *Charles*, 2015 WL 403239, at *2.

### III. ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion of Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (ECF No. 26) is **DENIED.**

Date: November   21  , 2019                     *s/ Tony N. Leung*
                                                Tony N. Leung
                                                United States Magistrate Judge
                                                District of Minnesota

                                                *Marlene M. v. Saul*
                                                Case No. 18-cv-258 (TNL)

6